No. 2308.—M. W. DEAN *v.* HENRY FRELLSEN.

A party who brings suit for the damages resulting from the non-fulfillment of an obligation on the part of the other party, must show under the general issue that he has complied with all the conditions imposed upon himself by the obligation, before he can be heard to urge the acts of violation of the obligation by the other party as a reason for not putting him in default.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Frederick M. Goodrich* and *George L. Bright*, for plaintiff and appellant. *P. H. Morgan* and *H. G. Morgan*, for defendant and appellee.

TALIAFERRO, J. The plaintiff sues for $23,901 50 as damages arising from the alleged non-fulfillment on the part of the defendant of the following obligation: "We, the undersigned, Henry Frellsen, on the first part, and M. W. Dean and J. O. Pearce, on the second, hereby acknowledge to have made the following agreement: Henry Frellsen

sells to M. W. Dean and J. O. Pearce all his claims against Govy
Hood, and agrees to subrogate them to all his judgment and mortgage-
rights for the consideration of thirty-three thousand dollars ($33,000),.
which amount M. W. Dean and J. O. Pearce hereby promise to pay to·
H. Frellsen as follows, viz : Ten thousand dollars within sixty days;
the balance of twenty-three thousand dollars in two yearly install-
ments, bearing eight per cent. interest per annum from date, and they·
agree to secure the above payments to the satisfaction of General
Edward Sparrow. It is mutually agreed that the amount due to Govy
Hood, out of the proceeds of judicial sale of the G. G. Willson planta--·
tion to H. Frellsen, shall be credited on the above judgment against·
Hood.                                                H. FRELLSEN.

New Orleans, August 25, 1868."

This obligation the plaintiff alleges the defendant failed to comply
with, to his detriment and injury, and he prays judgment in damages.
against the defendant as before stated.

The answer is a general denial. The defendant admits that having·
judgment against Govy Hood, of the parish of Carroll, for a large sum
of money, he had caused execution to issue thereon, and that the·
property of Hood was seized to satisfy the judgment; that while the·
execution was in the hands of the sheriff, did agree to transfer his
rights against Hood to Dean and Pearce, on condition that within
sixty days from the twenty-fifth of August, 1868, they paid him ten
thousand dollars in cash, and secure the payment of the remainder in,
two equal annual installments, the said Dean and Pearce to secure all
these payments according to agreement to the satisfaction of Edward:
Sparrow, the defendant's attorney, in the parish of Carroll. The de-
fendant avers that the plaintiff and Pearce having entirely failed on,
their part to comply with the conditions precedent to his obligation
to transfer, he was released, and is in no manner bound to the
plaintiff for anything.

The defendant had judgment in his favor, and the plaintiff appealed..
The plaintiff contends, and aimed to show that the defendant, by:
transferring his claims to Hood, under an agreement with him, was-
guilty of an active violation of the contract on his part, which ren-
dered a putting in default by the plaintiff unnecessary.

All the evidence adduced fails to convince us, as it failed to con-
vince the judge a quo, that the plaintiff has succeeded in the effort.
He certainly failed to comply on his own part, and he has shown no··
satisfactory reason why it became unnecessary for him to put the·
defendant in default.

It is therefore ordered, adjudged and decreed that the judgment of:
the district court be affirmed with costs.·